# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CASSIE H.,

    Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

    Defendant.

Case No. 19-CV-402-FHM

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's March 8, 2016, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") James Francis Gillet was held May 7, 2018. By decision dated September 21, 2018, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 22, 2019. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 38 years old on the alleged date of onset of disability and 41 on the date of the ALJ's denial decision. She has a high school education, having received a General Equivalency Diploma (GED), and formerly worked as a stainer, personal attendant, and telemarketer. She claims to have been unable to work since July 1, 2015, as a result of back pain due to lumbar degenerative joint disease, status post discectomy laminectomy, bipolar disorder, post traumatic stress disorder, and borderline personality disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform a reduced range of sedentary work, as follows:

> lift and carry five (5) pounds frequently and ten (10) pounds occasionally, stand and walk for fifteen (15) minutes at one (1) time and two (2) hours during an eight (8) hour workday, and requires a cane to walk but not stand. The claimant is limited to sitting for sixty (60) minutes at any one (1) time and six (6) hours total in an eight (8) hour workday; however while the claimant is seated, she requires the ability to shift at-will from side to side, but can stay on-task while shifting. She is further limited to occupations that require only frequent bilateral reaching and occasional bilateral reaching over the shoulders.

> The claimant cannot perform fine piecework (i.e. she cannot use small items such as jeweler's tools or nesting screws into item to produce a product).  She is further limited to occupations involving only occasional bending, twisting, and turning and stooping and squatting are limited to five percent (5%) of the workday.  She must avoid kneeling, crawling, and work involving unprotected heights, and other hazardous conditions, and moving machinery (defined as machinery that does not have a fixed, permanent base), including motor vehicles.  Additionally, the claimant is limited to work involving simple, routine, and repetitive tasks and simple decision making where there is no contact with the public and no more than occasional contact with coworkers and supervisors.

[R. 18].  Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly assess the opinions in the record, and failed to include all of her limitations in the RFC.

## **Analysis**

### Assessment of Medical Opinions

Plaintiff was treated for her mental conditions by Sooin Lee, Psy.D. and others at the Ozark Center on a regular basis from November 2015 to January 2018.  [R. 357-382, 392-499].  Dr. Lee completed a Medical Source Statement–Mental dated April 15, 2016, in which Dr. Lee opined about Plaintiff's ability to perform work-related mental functions given

her mental impairments.[2] On the Mental RFC form Dr. Lee checked a box indicating that Plaintiff's mental condition would cause her to have bad days that would cause her to leave work prematurely or miss work about 2 days per month. [R. 346]. Elsewhere on the form Dr. Lee noted that Plaintiff would not be off task from her symptoms that would interfere with the attention needed to perform simple tasks and rated the amount of limitation Plaintiff had in the areas of understanding and memory, sustained concentration and persistence, social interaction, and adaptation. Dr. Lee found in most areas Plaintiff was mildly limited, and moderately limited in others. [R. 346-347]. The ALJ accurately summarized Dr. Lee's opinion, and stated the weight accorded the opinion, as follows:

> Dr. Lee completed a mental medical source statement, stating the claimant's mental diagnoses of borderline personality disorder, PTSD, and bipolar disorder would cause her to have bad days, requiring her to leave work prematurely or be absent two (2) days per month (3F/2). However, Dr. Lee opined that the claimant was no more than moderately limited in mental functioning due to her mental health impairments (3F/2-3). This opinion is consistent with the evidence in the record in that while the claimant reports ongoing symptoms such as flashbacks and nightmares, her mental status examinations of record are generally normal; she is appropriately groomed and oriented in all spheres and her memory, judgment, and insight are within normal limits. Her conditions are managed with outpatient treatment and prescribed medication, it is noted that she is making progress, and she has not been recommended for a higher level of care. Further, her daily activities include caring for her pets, watching television, and sewing and the only limitations that she identifies with regard to her personal care are related to her physical impairments. Accordingly, great weight was afforded to this opinion.

[R. 21].

---

[2] Nurse Practitioner Karl R. Stammer also completed a Medical Source Statement – Mental, [R.. 349-350], to which the ALJ gave little weight. Plaintiff makes no argument concerning Mr. Stammer's opinion.

Plaintiff argues that the weight the ALJ gave to Dr. Lee's opinion conflicts with the RFC in that the ALJ stated he gave Dr. Lee's opinion "great weight" but did not include the limitation of being absent 2 days per month in the RFC and did not explain the reasons for omitting that limitation. In *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), the Tenth Circuit reversed the ALJ's decision where the ALJ failed to explain why he seemingly accepted some restrictions in a mental RFC assessment but rejected others. Plaintiff urges the court to apply *Haga* to this case and reverse the ALJ's decision.

The court finds that a careful reading of the ALJ's decision reflects that the ALJ did not give great weight to the entire opinion, but adopted only part of it. The ALJ's summary contrasted the opinion that Plaintiff would miss work with the opinion that she was no more than moderately limited in mental functioning. The ALJ referred to "this opinion," meaning the "no more than moderately limited" opinion was consistent with the evidence of record. [R. 21]. The ALJ also noted Plaintiff's relatively normal daily activities. *Id*. The court reads the ALJ's decision as having rejected the missing work aspect of the opinion because it was not consistent with the evidence of record, whereas "this opinion"– no more than moderate limitations– was consistent with the evidence. The court's understanding of what the ALJ said is consistent with the ALJ's decision in this case. Whereas Plaintiff's interpretation is not. Although the ALJ could have been more explicit, the court finds that the ALJ's stated rationale was sufficient for the court to follow his reasoning. *See Oceguera v Colvin*, 658 Fed. App'x 370, 374 (10th Cir. 2016) (affirming ALJ's evaluation of medical opinion where the court could ascertain the weight accorded the opinion and the reasons for the weight given).

## RFC Determination

Plaintiff argues that Dr. Lee's opinion that she would miss two days of work per month due to her mental health issues is supported by substantial evidence and therefore the ALJ erred by failing to include that restriction in the RFC.  In support of this argument, Plaintiff cites to points in the record where Plaintiff was struggling with her mental health issues and medication adjustments.  The ALJ stated the mental limitations to work involving simple, routine, and repetitive tasks and simple decision making where there is no contact with the public and no more than occasional contact with coworkers and supervisors is supported by the fact that her mental health conditions are managed by outpatient therapy and medications, she has not been psychiatrically hospitalized, and there is no recommendation for a higher degree of care.  Further, although she reports experiencing nightmares, flashbacks, and an inability to control her emotions, the mental status examinations in the record are generally normal.

The existence of evidence that may also support contrary findings does not deprive the ALJ's finding of support by substantial evidence.  The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).  The court may not reweigh the evidence and displace the agency's choice between two fairly conflicting views.  *Lax,* 489 F.3d at 1084.  On appeal, the court reviews only the sufficiency of the evidence, not its weight.  *Oldham v. Astrue*, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).  The statute governing judicial review of Social Security disability rulings specifies that the findings of the Commissioner of Social Security shall be conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  The term

"substantial evidence" does not mean undisputed or unequivocal.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  In the context of Social Security disability decisions, substantial evidence requires more than a scintilla, but less than a preponderance.  *Lax*, 489 F.3d at 1084.  "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).  Said differently, a decision is supported by substantial evidence unless the contrary evidence is so overwhelming that a conclusion different than the one made by the ALJ is compelled by that contrary evidence.

The court finds that, although there is evidence contrary to the ALJ's decision, the ALJ's RFC decision is none-the-less supported by substantial evidence.  Recently in *Biestek v. Berryhill*, —U.S. —, 139 S.Ct. 1148 (2019), the United States Supreme Court restated the limits of the court's authority to review the Commissioner's decisions under 42 U.S.C. § 406(g):

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding.  Under the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations.

*Biestek*, 139 S.Ct. at 1154 (further citation omitted).  The Court further stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id*.  According to the Supreme Court, substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (further citation and quotation omitted).

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 23rd day of July, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE